IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| KRIS H. KOOPMAN, ) | |
| ) | Bankruptcy No. 12-02029 |
| Debtor. ) | |
| -------------------------------------------------- | |
| CITY OF LA PORTE CITY, IOWA, ) | |
| ) | Adversary No. 13-09037 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| KRIS H. KOOPMAN, ) | |
| ) | |
| Defendant. ) | |

**ORDER RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This matter came before the undersigned on November 1, 2013 for telephonic hearing. Attorney Corey R. Lorenzen appeared for Plaintiff City of La Porte City, Iowa ("the City"). Attorney John M. Titler appeared for Debtor/Defendant Kris Koopman. After hearing arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) (I).

**STATEMENT OF THE CASE**

The City's complaint seeks to except debt from discharge under § 523(a)(6) for willful and malicious injury. It argues summary judgment is appropriate because the facts clearly establish Debtor converted funds he knew did not belong to him. Debtor resists.

The City asserts Debtor converted $83,052.46 which belonged to the City causing willful and malicious injury. Debtor received that amount from a flood insurance policy endorsed by the National Flood Insurance Program. When he received $143,726 from the City in a flood buyout sale, he should have turned over the $83,052 in duplicate benefits he previously received. The City asserts Debtor's conversion of these funds entitles it to summary judgment on its § 523(a)(6) claim that the debt is excepted from discharge.

Debtor asserts it is undisputed that he did not have control of the alleged amounts prior to the sale. The amount of the alleged damages is not consistent with the City's documentation. Debtor argues he did not commit conversion or willfully and maliciously receive the City's funds. Rather, the City caused its own loss and failed to act between October 2009 and May 2012. Debtor states other facts are disputed. He fully disclosed what he received and relied on the City's calculations in the closing of the flood buyout sale.

## CONCLUSIONS OF LAW

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The facts must be viewed in the light most favorable to the nonmoving party if there is a genuine dispute as to those facts. Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Id. (citations omitted).

> Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action."

Id. at 1043, quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Torgerson makes clear that earlier pronouncements in § 1983 cases that summary judgment is ill-suited to resolve questions in which intent, good faith and other subjective feelings play dominant roles are no longer the law in this circuit.  Briscoe v. County of St. Louis, 690 F.3d 1004, 1011 n.2 (8th Cir. 2012).

Section 523(a)(6) provides that debts for "willful and malicious injury by the debtor to another entity" can be excepted from discharge.  11 U.S.C. § 523(a)(6). The Supreme Court has made clear "debts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)."  In re Porter, 539 F.3d 889, 893-94 (8th Cir. 2008), quoting Kawaauhau v. Geiger, 523 U.S. 57, 61-62 (1998).  "Willful" and "malicious" are two separate elements and each must be proven by the plaintiff in order to receive an exception to discharge.  In re Porter, 539 F.3d 889, 893 (8th Cir. 2008), quoting In re Scarborough, 171 F.3d 638, 641 (8th Cir. 1999).  The "willful" element of § 523(a)(6) requires Plaintiff to show that the debtor intended the injury, not that the deliberate or intentional act lead to injury. Porter, 539 F.3d at 894.  The "malicious" element requires the plaintiff to show that the debtor's conduct was targeted at the plaintiff, "at least in the sense that the conduct was certain or almost certain to cause the plaintiff harm."  In re Thompson, 686 F.3d 940, 947 (8th Cir. 2012), quoting In re Madsen, 195 F.3d 988, 989 (8th Cir. 1999).

3

## CONCLUSIONS OF LAW

The Court has reviewed the pleadings, Debtor's affidavit and discovery materials included in the City's motion. From the current record, it is apparent that genuine issues of fact remain for trial. The City has the burden to prove that Debtor intended injury. Debtor asserts he relied on the City's own calculations and documents when he received the funds the City now seeks to recover. The City also has the burden to show Debtor's conduct was certain or almost certain to cause the City harm. Debtor argues he made full disclosure and followed the City's directions in receiving the buyout funds. Both the "willful" and "malicious" elements of § 523(a)(6) are in dispute. As such, summary judgment is not appropriate.

**WHEREFORE**, Plaintiff's Motion for Summary Judgment is DENIED.

Dated and Entered: December 3, 2013

PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE